Matthew W. Bauer
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
(973) 535-0500
Attorneys for Plaintiff
Days Inns Worldwide, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, f/k/a DAYS INNS OF AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KRISHAN CORPORATION, a California Corporation; and PANKAJ K. PATEL, an individual,<br><br>Defendants. | Civil Action No. 07cv4753(PKC)<br><br>ECF CASE<br><br>**COMPLAINT** |

Plaintiff Days Inns Worldwide, Inc., by its attorneys, Connell Foley LLP, complaining of defendants Krishan Corporation and Pankaj K. Patel, says:

**PARTIES**

1.      Plaintiff Days Inns Worldwide, Inc. ("DIW") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2.      Defendant Krishan Corporation ("Krishan"), on information and belief, is a corporation organized and existing under the laws of the State of California, with its principal

place of business at 2460 Fontaine Road, San Jose, CA 95121. Upon information and belief, Krishan does not have any members who are citizens of the State of Delaware or New Jersey.

3. Defendant Pankaj K. Patel ("Patel"), on information and belief, is a principal of Krishan and a citizen of the State of California with an address of 2499 El Camino Real, Santa Clara, California 95051.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and the defendant are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

5. This Court has personal jurisdiction over the defendants by virtue of, among other things, section 23(f) of the December 4, 1992 License Agreement (the "License Agreement"), described in more detail below, wherein the parties consented "to the non-exclusive personal jurisdiction of the courts of the State of New York and the United States District Court for the Southern District of New York . . . ."

6. Venue is proper in this District pursuant to section 23(f) of the License Agreement, inasmuch as that provision contains an express waiver by the parties of any objection to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreement Between The Parties

7. On or about December 4, 1992, DIW entered into the License Agreement with KPS Investment Company ("KPS") for the operation of a 54-room guest lodging facility

located at 2460 Fontaine Road, San Jose, California, Site No. 4703-13718-1 (the "Facility"). A true copy of the License Agreement is attached hereto as <u>Exhibit A</u>.

8. On or about August 16, 1996, DIW, KPS and Krishan entered into an Assignment and Assumption Agreement (the "Assignment Agreement"), pursuant to which Krishan accepted the rights and obligations under the License Agreement. A true copy of the Assignment Agreement is attached hereto as <u>Exhibit B</u>.

9. DIW terminated the License Agreement on or about February 27, 2004, for outstanding monetary defaults.

10. DIW entered into a Reinstatement Agreement dated June 22, 2004 with Krishan ("Reinstatement Agreement"), which incorporated by reference the License Agreement. A true copy of the Reinstatement Agreement is attached hereto as <u>Exhibit C</u>.

11. Pursuant to section 6 of the License Agreement, Krishan was obligated to operate a Days Inn® guest lodging facility for a fifteen-year term.

12. Pursuant to section 7, section 8, section 24 and Schedule C of the License Agreement, Krishan was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Continuing Fees").

13. Pursuant to section 16(e) of the License Agreement, Krishan was required to prepare and submit monthly reports to DIW disclosing, among other things, the amount of gross room revenue earned by Krishan at the Facility in the preceding month for purposes of establishing the amount of royalties and other Continuing Fees due to DIW.

1827373-01

14. Pursuant to section 16(d) of the License Agreement, Krishan agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to section 16(m) of the License Agreement, Krishan agreed to allow DIW to audit any financial records.

15. Pursuant to section 8(d) of the License Agreement, Krishan agreed that interest is payable "at the rate equal to the lesser of 1.5% per month or the highest rate permitted by applicable law on any past due Continuing Fees and other monies owed [DIW] under this Agreement... accrued from the due date."

16. Pursuant to section 23(c) of the License Agreement, Krishan agreed to "pay all costs and expenses, including reasonable attorneys' fees, incurred by [DIW] in enforcing any provision of this Agreement."

17. Effective as of the date of the Assignment Agreement, Patel provided DIW with a Guaranty of his obligations under the License Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit D.

18. Pursuant to the terms of the Guaranty, Patel agreed, among other things, that upon a default under the License Agreement, he would "immediately make each payment and perform or cause Licensee to perform each obligation required of Licensee under the Agreement."

### The Defendants' Defaults

19. Krishan has failed to timely pay Continuing Fees as required by the License Agreement.

1827373-01

20. By letter dated April 12, 2006, a true copy of which is attached hereto as Exhibit E, DIW advised Krishan that $33,954.38 in Continuing Fees was due and owing under the License Agreement, and that Krishan was in default under the License Agreement.

21. By letter dated June 23, 2006, a true copy of which is attached hereto as Exhibit F, DIW advised Krishan that $48,501.72 in Continuing Fees was due and owing under the License Agreement, and that Krishan was in default under the License Agreement.

22. By letter dated December 28, 2006, a true copy of which is attached hereto as Exhibit G, DIW advised Krishan that $70,118.61 in Continuing Fees was due and owing under the License Agreement, and that Krishan was in default under the License Agreement

23. As of May 24, 2007, the total amount currently due and owing to DIW from Krishan was $106,568.14 inclusive of Continuing Fees, plus interest, attorneys' fees, and costs.

## FIRST COUNT

24. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 23 of the Complaint.

25. Pursuant to section 16(m) of the License Agreement, Krishan agreed to allow DIW to audit any financial records at the Facility.

26. The calculation of the monetary amounts sought by DIW in this action is based on the gross room revenue information supplied to DIW by Krishan.

1827373-01

27. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Krishan.

**WHEREFORE**, DIW demands judgment ordering that Krishan account to DIW for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception through the date of judgment herein.

## SECOND COUNT

28. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 27 of the Complaint.

29. Pursuant to section 7, section 8, section 24 and Schedule C of the License Agreement, Krishan was obligated to remit Continuing Fees to DIW.

30. Despite its obligation to do so, Krishan failed to remit certain of the Continuing Fees due and owing under the License Agreement in the current amount of $106,568.14.

31. Krishan's failure to remit the agreed Continuing Fees constitutes a breach of the License Agreement and has damaged DIW.

**WHEREFORE**, DIW demands judgment against Krishan for the Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

1827373-01

## THIRD COUNT

32. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

33. Despite its obligation to do so, Krishan failed to pay certain of the Continuing Fees due and owing under the License Agreement in the amount of $106,568.14.

34. Krishan's failure to compensate DIW constitutes unjust enrichment and has damaged DIW.

**WHEREFORE**, DIW demands judgment against Krishan for the Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

## FOURTH COUNT

35. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 34 of the Complaint.

36. As of May 24, 2007, there was due from Krishan to DIW the sum of $106,568.14 on a certain book account.

37. Payment has been demanded and has not been made.

**WHEREFORE**, DIW demands judgment against Krishan for the Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

1827373-01

## FIFTH COUNT

38. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Complaint.

39. Krishan, being indebted to DIW in the sum of $106,568.14, as of May 24, 2007, plus interest, attorneys' fees, and costs upon an account stated between them, did promise to pay DIW said sum upon demand.

40. Payment has been demanded and has not been made.

**WHEREFORE**, DIW demands judgment against Krishan for the Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

41. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 40 of the Complaint.

42. Pursuant to the terms of the Guaranty, Patel agreed, among other things, that upon a default under the License Agreement, he would immediately make each payment and perform each obligation required under the License Agreement.

43. Despite his obligation to do so, Patel has failed to make any payments or perform each obligation required under the License Agreement.

44. Pursuant to the Guaranty, Patel is liable to DIW for Continuing Fees due and owing under the License Agreement

**WHEREFORE**, DIW demands judgment against Patel for the Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

                              **CONNELL FOLEY LLP**
Attorneys for Plaintiff
Days Inns Worldwide, Inc.

By: _____
      MATTHEW W. BAUER

Dated: 6\1\07